## 24110. LEWIS *v.* THE STATE.

DECIDED NOVEMBER 26, 1934.

*Thomas A. Jacobs Jr., Fariss & Langford,* for plaintiff in error.
*James F. Kelly,* solicitor-general, *J. Ralph Rosser,* contra.

MACINTYRE, J. J. D. Lewis was convicted under the second count of an indictment charging that on June 29, 1933, in Walker county, Georgia, he did "have and possess and control what is known as 3.2 point beer, the same having the color of beer, tastes like beer, smells like beer, and has the general appearance of beer." The exception here is to the judgment overruling the motion for a new trial.

The first ground of the amendment to the motion is as follows: "Because, as movant contends, the court erred in refusing to give the following charge, same having been requested in writing and submitted to the court before the jury retired to consider their verdict: 'I charge you it is no violation of the law of Georgia to transport beer containing not more than 3.2 per cent of alcohol by weight from the State of Tennessee to the State of Florida, and, unless by competent evidence in this case you believe to a moral

and reasonable certainty and beyond a reasonable doubt that the defendant possessed this beer for other purposes in this State than for the purpose of transporting it from Tennessee to Florida, it would be your duty to acquit him.' Movant contends that this request to charge was sound and accurate as a proposition of law; that the contents thereof were not given in the general charge of the court in substance or otherwise; that the same was applicable and pertinent to the issues in the case and was authorized by the evidence." The amended motion for a new trial was duly certified, but in the order overruling it, the court "calls attention to the fact that said charge . . is not approved by the court." Counsel for the State contend in their brief that this ground can not be considered, because the plaintiff in error failed "to submit to the court any charge that the court would approve." Under the ruling of the Supreme Court in *Alabama Midland Ry. Co.* v. *Guilford,* supra, we hold that we are not precluded from considering this ground for the reason urged by counsel.

We next direct our attention to the merits of the ground under consideration. The defendant was caught with an automobile load of beer in Walker county, Georgia, traveling in a southerly direction on a highway which leads from Chattanooga, Tennessee, to Jacksonville, Florida. There is uncontradicted evidence that beer could be legally sold and possessed in both Tennessee and Florida, and the defendant and the State agree that "the beer in question was not more than 3.2 per centum of alcohol by weight." It is also true that there was evidence from which the jury might have concluded that the beer in question was being transported *through* and not *into* the State of Georgia. The main defense of the accused was that he was violating no law of Georgia, because, under the interstate-commerce law, he had the right to carry the beer through the State of Georgia. The requested charge states a sound and well-recognized principle of law, and we hold that the court committed reversible error in refusing to give it to the jury.

It being uncertain as to whether the questions presented by the remaining special grounds of the motion for a new trial will be for determination upon another trial of the case, we shall not consider them now. Of course, the general grounds of the motion

are not for consideration at this time, and the judgment is reversed solely upon the first special ground.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*